# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TYSON HILDEBRANDT,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff TYSON HILDEBRANDT ("Plaintiff") by and through his attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendant WAL-MART STORES EAST, LP ("Walmart" or "Defendant"), upon personal knowledge, as well as information and belief, by alleging and averring as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action alleging that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII"), and the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 *et seq.*, ("NCEEPA") and seeks damages, as well as injunctive and declaratory relief, to redress the injuries he has suffered as a result of being discriminated and retaliated against by his employer on the basis of his race (African American) and color (Black).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's State related claims

1

arising under pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Middle District of the State of North Carolina.

## PROCEDURAL REQUIREMENTS

5. Plaintiff timely filed an initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 24, 2024.

6. Plaintiff supplemented his initial Charge of Discrimination by timely filing an Amended Charge of Discrimination with the EEOC on or about September 5, 2024.

7. Plaintiff received a Notice of Right to Sue from the EEOC on or about February 26, 2025, with respect to the charges of discrimination and retaliation.

8. A copy of the Notice of Right to Sue is annexed hereto as **Exhibit "A."**

9. This action is timely commenced within ninety (90) days of the issuance of the Notice of Right to Sue by the EEOC.

10. Plaintiff therefore exhausted his administrative remedies as is required by Title VII.

## PARTIES

11. At all relevant times, Plaintiff was and is a resident of the State of North Carolina and County of Forsyth.

12. Plaintiff is an African American man.

13. At all relevant times, Plaintiff was an "employee" of the Defendant, as defined by all the applicable statutes.

14. Upon information and belief, at all relevant times, Defendant is a foreign limited partnership licensed to do business in North Carolina.

15. Plaintiff was employed at Defendant's store location of 1130 South Main Street, Kernersville, NC 27284.

16. At all relevant times, Defendant had more than fifteen (15) employees.

17. At all relevant times, Defendant met the definition of "employer" and is subject to the applicable statutes.

## STATEMENT OF FACTS

18. On or about April 20, 2024, Plaintiff commenced his employment with Defendant as a Maintenance Technician.

19. Upon beginning his employment with Defendant, Plaintiff was assigned to work for the Second Shift Team.

20. Despite working for the Second Shift, Plaintiff found himself having frequent run-ins with George Leonard ("Leonard"), the Third Shift Team Leader.

21. Upon information and belief, Leonard was and is employed by Defendant in a managerial position.

22. Shortly after beginning his employment for Defendant, Plaintiff began to notice strange behavior directed towards him by Leonard.

23. On or about May 6, 2024, Plaintiff was in the midst of taking a short fifteen (15) minute break in the breakroom.

24. Plaintiff had been given permission to take his break from the Second Shift

3

Team Leader.

25. While on his break, Leonard came into the breakroom and began berating Plaintiff in front of other employees for taking a break.

26. Upon information and belief, Plaintiff was the only African-American employee in the breakroom at the time.

27. No other employee was berated by Leonard for taking a break.

28. Plaintiff immediately reported the incident to the Second Shift Team Leader.

29. Plaintiff was distressed, as following Leonard's May 6, 2024, discriminatory outburst, other employees began to harass Plaintiff whenever he would take his permitted fifteen (15) minute break.

30. Plaintiff would further report this discriminatory conduct to the Second Shift Team Leader, hoping for a resolution.

31. Instead, the other employees were told about Plaintiff's complaint and began to harass him more in retaliation for his complaint.

32. Another instance of discrimination occurred on or around late May 2024.

33. Specifically, Plaintiff noticed and was told that Leonard would order other employees to watch Plaintiff while he worked.

34. Plaintiff felt uncomfortable since no other employee was treated in a similar way.

35. None of Plaintiff's co-workers of a different race were treated this way by Leonard.

36. The sole reason that Plaintiff's was treated as such was due to his race.

37. By employing Leonard, Defendant created a hostile work environment in which Plaintiff was forced to work under a discriminatory supervisor who subjected Plaintiff to grueling differential treatment.

38. Despite the highly toxic and racist environment that permeated Plaintiff's work environment with Defendant, Plaintiff had continued to work diligently and efficiently in his role to the best of his ability.

39. On or around August 3, 2024, Plaintiff once again complained of Leonard's disparate and discriminatory treatment to the Second Shift Team Leader.

40. Plaintiff was advised to file a complaint of the treatment to Defendant's ethics department so that it might be properly investigated.

41. On or around August 14, 2024, Plaintiff filed a complaint with Defendant's ethics department specifically alleging the acts of racial discrimination and disparate treatment which he was subjected to while working under Leonard.

42. Plaintiff's complaint of race-based discrimination was a protected action.

43. Instead of addressing Plaintiff's complaint of racial discrimination, on or around September 1, 2024, Defendant retaliated against Plaintiff by saying that they would transfer him to a different department.

44. Plaintiff was doing well in his current position, but now would need to be moved instead of Defendant properly addressing the ongoing discrimination.

45. Further, Defendant failed to actually move Plaintiff to a new position, leaving him feeling trapped with Leonard, who was harassing him.

5

46. Upon information and belief, no investigation was performed in response to Plaintiff's complaint of race-based discrimination.

47. Plaintiff's proposed transfer was the direct result of a systemically hostile work environment towards people of color, which Plaintiff had been trying to challenge.

48. Defendant retaliated against Plaintiff solely because of his race and because of his complaint of race-based discrimination.

49. Upon information and belief, no investigation has taken place in relation to Plaintiff's complaints and no employee of Defendant has been disciplined for discriminatory conduct.

50. Defendant would not have discriminated against Plaintiff but for his race.

51. Plaintiff was treated less well or subjected to an adverse action, motivated, at least in part, by his membership in a protected class.

52. Defendant would not have retaliated against Plaintiff but for his complaint about race-based discrimination.

53. Plaintiff felt he had no choice but to separate from Defendant and leave his employment due to the constant harassment and hostile environment only he was subjected to.

54. No reasonable person in Plaintiff's position would have remined employed under the circumstances Plaintiff found himself in.

55. Thus, Defendant constructively and wrongfully terminated Plaintiff's employment due to the discrimination and retaliation he was subjected to.

56. As a result of Defendant's actions, Plaintiff felt, and continues to feel,

6

Case 1:25-cv-00358-TDS-LPA     Document 1     Filed 05/07/25     Page 6 of 11

extremely humiliated, degraded, violated, embarrassed, and emotionally distressed.

57. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, he suffered, and continues to suffer, severe emotional distress and physical ailments.

58. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses and emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

59. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages.

60. Defendant's actions and conduct were intentional for the purpose of harming Plaintiff.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

62. The claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Defendant.

63. Plaintiff complains that Defendant violated Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race (Black).

64. 42 U.S.C. §§ 2000e-2 states:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to him compensation, terms, conditions, or privileges of employment, because of such individual's **race**, **color**, religion, sex, or national origin…

65. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e by discriminating against Plaintiff because of his race (African America) and color (Black).

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

67. 42 U.S.C. §§ 2000e-3 states:

> It shall be an unlawful employment practice for an employer to discriminate against any of him employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by the subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the subchapter.

68. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-3 by retaliating against Plaintiff for complaining of the aforementioned violations.

## AS A THIRD CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

8

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

70. When Plaintiff filed charges with the EEOC, he was exercising his legal right and privilege, and performing an act encouraged by the public policy of the State of North Carolina.

71. Plaintiff was discharged because he performed an act encouraged by public policy.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF NCEEPA

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

73. Defendant's treatment of Plaintiff was wrongful, wherein Plaintiff was regularly harassed, subjected to hostile treatment for reasons non-Black workers were not, and wherein he was retaliated against for complaining about his working conditions.

74. Defendant's treatment of Plaintiff is a violation of the strong public policy against discrimination, harassment, and retaliation in the workplace as codified in NCEEPA.

75. The corresponding conduct by Defendant is a contravention and degradation of public policy, prohibiting the discrimination of the member of a protected class (Black) on the basis of their class status, and prohibiting the discrimination of an employee based on that employee's engaging in protected activity, namely complaining about discrimination and harassment in the workplace.

76. As a direct and proximate result of the Defendant's wrongful and retaliatory conduct, Plaintiff has been damaged.

77. Furthermore, since Defendant engaged in the aforesaid conduct with malice and in willful, wanton, and reckless disregard for the rights of Plaintiff, Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in, and enjoining Defendant from continuing to engage in, unlawful employment practices prohibited by Title VII, in that Defendant discriminated and retaliated against Plaintiff on the basis of his race (Black);

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to him reputation in an amount to be proven at trial;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem

equitable, just and proper to remedy the Defendant's unlawful employment practices against each of them.

## JURY DEMAND

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues to be tried.

Dated: May 7, 2025    Respectfully submitted,

*/s/ Leonard A. Bennett*
Leonard A. Bennett, NCSB #21576
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
Email: lenbennett@clalegal.com

Emanuel Kataev, Esq.
*Pro Hac Vice Motion Forthcoming*
**CONSUMER ATTORNEYS PLLC**
68-29 Main Street
Flushing, NY 11367
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorney for Plaintiff Tyson Hildebrandt*