IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| TYSON HILDEBRANDT, | Civil Action No. 1:25-cv-00358 |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS |
| WAL-MART STORES EAST, LP, | |
| Defendant. | |

## I. PRELIMINARY STATEMENT

Defendant Wal-Mart Stores East, LP ("Wal-Mart"), through its counsel, files this Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Wal-Mart states that the Court should dismiss, with prejudice: (1) Plaintiff's Title VII retaliation claim based on the threat of transfer because it is not an adverse employment action; (2) Plaintiff's wrongful discharge in violation of public policy claim as such a claim cannot be based on constructive discharge; and (3) Plaintiff's claim arising under the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 *et seq.*, ("NCEEPA") as that statute does not create a private right of action.

## II. RELEVANT FACTUAL ALLEGATIONS[1]

Plaintiff alleges he is an African American man employed by Wal-Mart beginning April 20, 2024. ECF No. 1 ("Compl.") ¶¶ 12, 18. On or about May 6, 2024, a Shift Team

---

[1] These allegations are accepted as true for purposes of this Motion only. Walmart will contest portions of these allegations for other purposes.

Leader to whom Plaintiff did not directly report, George Leonard, singled Plaintiff out in front of other, non-African American employees and berated him for taking an authorized break. *Id*. ¶¶ 20, 23-26. After this occurred, other employees allegedly began harassing Plaintiff when he would take his authorized breaks. *Id*.¶ 29. Plaintiff reported this all to his supervisor, after which the harassment allegedly increased. *Id.* ¶¶ 28, 30-31. In late May 2024, Plaintiff was allegedly told that Mr. Leonard instructed other employees to watch Plaintiff. *Id*. ¶ 33. Mr. Leonard did not do this to any other employee. *Id*. ¶ 34. Plaintiff again complained to his supervisor on or about August 3, 2024, and filed a complaint with Wal-Mart's ethics department on August 14, 2024. *Id*. ¶¶ 39-41. On September 1, 2024, Wal-Mart informed Plaintiff that they were going to transfer him to a different department, but did not actually do so. *Id*. ¶¶ 43, 45. Wal-Mart allegedly did not investigate Plaintiff's complaint or discipline any employee as a result of his complaint, and Plaintiff felt he had no choice but to resign. *Id.* ¶¶ 49, 53.

### III. LEGAL ARGUMENT

#### A. Rule 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a court accepts all well-pleaded factual allegations in the complaint as true. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). The court does not consider "bare assertions devoid of further factual

- 2 -

Case 1:25-cv-00358-TDS-LPA    Document 13    Filed 06/25/25    Page 2 of 8

enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Further, the plausibility standard asks for more than a possibility that a defendant has acted unlawfully. A complaint must contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that pleads facts that are "merely consistent with" a defendant's liability is insufficient to avoid dismissal. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that "'allows the [C]ourt to draw the reasonable inference that the defendant is liable *for the misconduct alleged*.'" *Nemet Chevrolet,* 591 F.3d at 256 (emphasis added) (quoting *Iqbal*, 556 U.S. at 678).

### B. Plaintiff Failed to State a Claim for Retaliation Based on the Threat of Transfer Because it is not an Adverse Employment Action (Second Cause of Action).

To state a claim for retaliation under Title VII, Plaintiff must plausibly allege "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012). Plaintiff alleges Wal-Mart proposed to transfer him in retaliation for his complaints about race-based misconduct. Compl. ¶ 47. He admits, however, that Wal-Mart never actually transferred him. *Id*. ¶ 45. A threatened employment action that never materializes is not an adverse employment action as a matter of law, and

it cannot serve as the basis for a retaliation claim. *See Noonan v. Consol. Shoe Co., Inc.*, 84 F.4th 566, 574-75 (4th Cir. 2023) (unrealized threat of termination not an adverse employment action); *Newby v. Whitman*, 340 F. Supp. 2d 637, 663 (M.D.N.C. 2004) (a threat to terminate or to require fitness for duty evaluation that was not carried out is not an adverse employment action). Thus, the Court should dismiss Plaintiff's Second Cause of Action to the extent it is based on the threat of transfer.

### C. Plaintiff Cannot State a Claim for Wrongful Termination Based on a Constructive Discharge (Third Cause of Action).

North Carolina law is clear that a wrongful termination claim cannot be based on a constructive discharge. *See Clark v. United Emergency Servs., Inc.*, 189 N.C. App. 787, at *4 (2008) (noting that "our appellate courts declined to recognize a public policy exception to the at-will employment doctrine for constructive discharges"); *Hoyle v. Cumberland Cnty. Hosp. Sys., Inc.*, No. 5:24-CV-65-D, 2025 WL 747504, at *12 (E.D.N.C. Mar. 7, 2025) (dismissing public policy claim and finding "North Carolina does not recognize a claim for wrongful constructive discharge in violation of public policy"); *Batchelor v. City of Wilson*, 747 F. Supp. 3d 845, 864 (E.D.N.C. 2024) (dismissing public policy claim based on constructive discharge); *Schmitz v. Alamance-Burlington Bd. of Educ.*, No. 1:18CV910, 2020 WL 924545, at *15 (M.D.N.C. Feb. 26, 2020) ("[T]his court declines to expand North Carolina public policy to allow a constructive discharge to support a wrongful termination claim."). Plaintiff explicitly alleges that he was constructively discharged, not that his employment was terminated. Compl. ¶¶ 53-55. As such, Plaintiff's purported wrongful

termination claim can only be based on a constructive discharge, which is improper under North Carolina law. The Court should dismiss Plaintiff's Third Cause of Action.

### D. Plaintiff Cannot State a Claim Under the NCEEPA Because it Does not Provide a Private Right of Action (Third Cause of Action).

"Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA." *Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000). As such, Plaintiff cannot bring a claim under the NCEEPA for discrimination, retaliation, or constructive discharge. *See Mullis v. Mechanics & Farmers Bank*, 994 F. Supp. 680, 687 (M.D.N.C. 1997) (dismissing NCEEPA discrimination claim as does not provide private right of action); *Strickland v. Jewell*, 562 F. Supp. 2d 661, 674–75 (M.D.N.C. 2007) (granting summary judgment on NCEEPA retaliation and constructive discharge claim for same reason). Because the NCEEPA does not provide a private right of action, the Court should dismiss Plaintiff's Fourth Cause of Action.

## IV. CONCLUSION

Based on the foregoing, Wal-Mart respectfully requests that the Court grant its motion, and enter an order:

1) Dismissing Plaintiff's Second Cause of Action to the extent it is based on the alleged threat of transfer; and

2) Dismissing Plaintiff's Third and Fourth Causes of Action in their entirety.

Dated: June 25, 2025

/s/ Kevin Cleys
Kevin Cleys, Bar No. 51589
kcleys@littler.com
William H. Foster
Pro Hac Vice Motion Forthcoming
bfoster@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street
Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

Attorneys for Defendant Wal-Mart Stores East, LP

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing totals fewer than 6,250 words, exclusive of the caption, signature lines, certificate of service, and any cover page or index. I make this certification in compliance with Rules 7.3(d) of the Local Rules of Civil Procedure.

Dated: June 25, 2025

*/s/ Kevin Cleys*
Kevin Cleys, Bar No. 51589
kcleys@littler.com
William H. Foster
Pro Hac Vice Motion Forthcoming
bfoster@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street
Suite 950
Charlotte, North Carolina 28202
Telephone:     704.972.7000
Facsimile:     704.333.4005

Attorneys for Defendant Wal-Mart Stores East, LP

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Email: lenbennett@clalegal.com

Emanuel Kataev, Esq.
Pro Hac Vice Motion Forthcoming
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*

/s/ Kevin Cleys
Kevin Cleys, Bar No. 51589
kcleys@littler.com
William H. Foster
Pro Hac Vice Motion Forthcoming
bfoster@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street
Suite 950
Charlotte, North Carolina 28202
Telephone:	704.972.7000
Facsimile:	704.333.4005

Attorneys for Defendant Wal-Mart Stores East, LP