IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TYSON HILDEBRANDT, | Civil Action No. 1:25-cv-00358 |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | |
| WAL-MART STORES EAST, LP, | |
| Defendant. | |

NOW COMES Defendant, Wal-Mart Stores East, LP ("Walmart" or "Defendant"), and files its Answer and Defenses to the Complaint filed against it by Tyson Hildebrandt ("Plaintiff") on May 7, 2025. (ECF No. 1).

## NATURE OF THE CASE

1. The allegations in Paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to allege claims under Title VII of the Civil rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII") and the North Carolina Equal Employment Practices Act, N. C. Gen Stat. § 143-422.1 *et seq.* ("NCEEPA"), but denies any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever. Defendant denies all remaining allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Court

has jurisdiction over this matter, but denies any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever.

3. The allegations in Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over this matter, but denies any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever.

4. The allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that it does not challenge venue in this Court and denies the remaining allegations in Paragraph 4.

## PROCEDURAL REQUIREMENTS

5. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in June 2024. The remaining allegations in Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies all remaining allegations contained in Paragraph 5.

6. Defendant admits that Plaintiff filed an Amended Charge of Discrimination with the EEOC on September 5, 2024. The remaining allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies all remaining allegations contained in Paragraph 6.

7. Defendant admits that the EEOC issued a dismissal and notice of rights letter ("Dismissal and Notice of Rights") on February 6, 2025, and such document stands for

itself.  Defendant denies any allegations contained in Paragraph 7 inconsistent with same..

8. Defendant admits that the EEOC issued the Dismissal and Notice of Rights on February 6, 2025, and such document stands for itself.  Defendant denies any allegations contained in Paragraph 8 inconsistent with same.

9. Defendant admits the Complaint was filed within 90 days of the date on which the EEOC issued the Dismissal and Notice of Rights. The remaining allegations in Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies all remaining allegations contained in Paragraph 9.

10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

**PARTIES**

11. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 and, therefore, denies same.

12. Upon information and belief, Defendant admits the allegations in Paragraph 12.

13. Defendant admits that it employed Plaintiff. The remaining allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that the phrase "[a]t all relevant times" is vague. Consequently, Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 13 and, therefore, denies same.

14. Defendant admits that it is a foreign, limited partnership that is authorized to do business in North Carolina. Defendant states that the phrase "[a]t all relevant times" is vague. Consequently, Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14 and, therefore, denies same.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant admits that it employs more than 15 employees. Defendant states that the phrase "[a]t all relevant times" is vague. Consequently, Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 16 and, therefore, denies same.

17. Defendant admits that it employed Plaintiff. The remaining allegations in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that the phrase "[a]t all relevant times" is vague. Consequently, Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 17 and, therefore, denies same.

## STATEMENT OF FACTS

18. Defendant admits that it hired Plaintiff as a Maintenance Associate on April 20, 2024. Defendant denies all remaining allegations contained in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits that George Leonard is a Team Lead on the third shift and, because the second and third shifts overlap, associates on each may work at the same time for a portion of their shifts. Defendant is without sufficient knowledge or information to

admit or deny the remaining allegations in Paragraph 20 and, therefore, denies same.

21. Defendant admits that Mr. Leonard is a current associate. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 and, therefore, denies same.

23. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 and, therefore, denies same.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 and, therefore, denies same.

25. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 and, therefore, denies same.

26. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 and, therefore, denies same.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 and, therefore, denies same.

28. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 and, therefore, denies same.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 and, therefore, denies same.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 and, therefore, denies same.

40. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 40 and, therefore, denies same.

41. Defendant admits that, in August 2024, Plaintiff complained to Walmart Global Ethics regarding perceived race discrimination by Mr. Leonard. Defendant denies all remaining allegations contained in Paragraph 41.

42. The allegations in Paragraph 42 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant admits that Plaintiff was not transferred to a different department. Defendant denies the remaining allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant admits that no associates were disciplined as a result of Plaintiff's complaint. Defendant denies the remaining allegations in Paragraph 49.

50. Defendant denies that it discriminated against Plaintiff and denies the remaining allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies that it retaliated against Plaintiff and denies the remaining allegations in Paragraph 52.

53. Defendant denies that Plaintiff was subjected to discrimination, harassment or retaliation. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 53 and, therefore, denies same.

54. The allegations in Paragraph 54 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55. The allegations in Paragraph 55 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56. The allegations in Paragraph 56 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations

in Paragraph 56.

57. The allegations in Paragraph 57 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58. The allegations in Paragraph 58 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59. The allegations in Paragraph 59 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

60. The allegations in Paragraph 60 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60.

<b><u>AS A FIRST CAUSE OF ACTION</u></b><br><b>DISCRIMINATION UNDER TITLE VII</b>

61. Defendant reasserts the responses provided above in Paragraphs 1 through 60 as if fully restated herein.

62. The allegations in Paragraph 62 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to allege claims under Title VII, but denies any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever. Defendant denies all remaining allegations contained in Paragraph 62.

63. The allegations in Paragraph 63 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to allege a claim for race discrimination under Title VII, but denies any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever. Defendant denies all remaining allegations contained in Paragraph 63.

64. Defendant states that the referenced statute speaks for itself and denies Plaintiff's allegations to the extent they are inconsistent therewith.

65. Defendant denies the allegations in Paragraph 65.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII[1]

66. Defendant reasserts the responses provided above in Paragraphs 1 through 65 as if fully restated herein.

67. Defendant states that the referenced statute speaks for itself and denies Plaintiff's allegations to the extent they are inconsistent therewith.

68. Defendant denies the allegations in Paragraph 68.

## AS A THIRD CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY[2]

69. Defendant reasserts the responses provided above in Paragraphs 1 through 68 as if fully restated herein.

70. The allegations in Paragraph 70 constitute legal conclusions to which no

---

[1] This claim is the subject of the Defendant's Partial Motion to Dismiss.
[2] This claim is the subject of the Defendant's Partial Motion to Dismiss.

response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF NCEEPA[3]

72. Defendant reasserts the responses provided above in Paragraphs 1 through 71 as if fully restated herein.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77.

## PRAYER FOR RELIEF

Defendant denies the allegations set forth in the WHEREFORE paragraphs (A) through (F) contained in the Prayer for Relief on pages 10 and 11 of the Complaint.

Defendant denies any and all liability and further denies that Plaintiff is entitled to

---

[3] This claim is the subject of the Defendant's Partial Motion to Dismiss.

any of the relief he seeks.

## JURY DEMAND

78. Defendant admits Plaintiff seeks a trial by jury but denies he has a factual or legal basis to support his claims and denies any remaining allegations. To the extent any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses with respect to Plaintiff's claims. By asserting these defenses, Defendant does not concede that it has the burden of proof as to any such defense. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pleaded in the alternative. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant states as follows.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to properly state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims may be barred or limited by the doctrine of after-acquired evidence.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches,

estoppel, ratification, acquiescence, and/or unclean hands.

## FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by his failure to comply with the jurisdictional, procedural and administrative prerequisites for filing this action.

## FIFTH DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring outside of the applicable limitations period for the filing of his Charge of Discrimination with the EEOC; or (b) for alleged incidents of discrimination and/or retaliation not listed in his Charge of Discrimination with the EEOC; or (c) against parties not named in the Charge of Discrimination with the EEOC, Plaintiff may not recover any relief for such incidents of alleged discrimination.

## SIXTH DEFENSE

Plaintiff's claims fail because Defendant's actions regarding him were at all times taken for legitimate, non-discriminatory, and non-retaliatory reasons, and were taken for good cause in the good-faith exercise of Defendant's reasonable business judgment.

## SEVENTH DEFENSE

Even if an improper or impermissible motive played any role in the challenged employment actions (which Defendant specifically and vehemently denies), the same actions would have been taken for legitimate, non-discriminatory, and non-retaliatory reasons, without regard to the improper or impermissible motive.

## EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by his failure to mitigate his damages, and Defendant may have a setoff.

## NINTH DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to entitle Plaintiff to recover the remedies sought, whether general, declaratory, injunctive, compensatory, punitive, liquidated, exemplary, and/or attorney's fees and costs, from Defendant.

## TENTH DEFENSE

Plaintiff's claims for damages are restricted by all applicable damage caps and limitations under the law.

## ELEVENTH DEFENSE

Defendant alleges that if Plaintiff suffered any emotional distress (Defendant denies that Plaintiff suffered any such distress), Plaintiff's emotional distress was proximately caused by factors other than Defendant's actions, and any remedy to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

## TWELFTH DEFENSE

To the extent, if any, that Defendant's employees or agents engaged in any allegedly unlawful conduct described in the Complaint, which Defendant expressly denies, such actions were outside the scope of their employment, were contrary to the practices, policies, and directives of Defendant, were not done in furtherance of Defendant's business interests, and were not ratified by Defendant.

- 13 -

Case 1:25-cv-00358-TDS-LPA    Document 14    Filed 06/25/25    Page 13 of 18

### THIRTEENTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any allegations of discrimination or retaliation.

### FOURTEENTH DEFENSE

Defendant maintains and enforces policies that prohibit unlawful discrimination and retaliation and provide a mechanism by which employees may seek redress where unlawful workplace conduct is alleged. Some or all of Plaintiff's claims are barred by Plaintiff's failure to avail himself of the opportunity to report alleged discrimination or retaliation internally and allow Defendant the opportunity to investigate and correct alleged discrimination or retaliation in the workplace, the occurrence of which Defendant expressly denies.

### FIFTEENTH DEFENSE

Defendant affirmatively asserts that it engaged in good faith efforts to comply with the law.

### SIXTEENTH DEFENSE

Plaintiff was an at-will employee, subject to changes in the terms of his employment or termination, at any time, for any reason, and without notice.

### SEVENTEENTH DEFENSE

An award of punitive damages would be inappropriate and unconstitutional because Defendant has not engaged in any intentional, willful or malicious conduct towards Plaintiff.

## EIGHTEENTH DEFENSE

If Plaintiff has been damaged as alleged (which Defendant denies), such damages were caused by his own conduct or the conduct of non-parties for whose conduct Defendant cannot be held liable.

## NINETEENTH DEFENSE

Any request by Plaintiff for punitive or liquidated damages fails because Defendant did not act with malice or reckless indifference to Plaintiff's federally-protected rights and at all times acted reasonably and in good faith. As such, Plaintiff is barred from recovering any punitive or liquidated damages from Defendant.

## TWENTIETH DEFENSE

Any award of punitive damages in this case would violate Defendant's rights to Due Process and Equal Protection under the United States and North Carolina constitutions.

## TWENTY FIRST DEFENSE

To the extent that Plaintiff engaged in protected activity (which Defendant denies), there is no causal connection between any such activity and any term or condition of Plaintiff's employment.

## TWENTY SECOND DEFENSE

Plaintiff's claims pursuant to NCEEPA are barred because NCEEPA does not create a private right of action.

## TWENTY THIRD DEFENSE

Plaintiff's claims are barred because he has failed to identify a public policy of North

Carolina to support his wrongful discharge claim. *See Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 352, 416 S.E.2d 166, 168 (1992). Plaintiff's alleged constructive discharge did not violate any North Carolina public policy recognized by applicable statutory or common law.

### TWENTY FOURTH DEFENSE

Defendant's actions with regard to Plaintiff were, at all times relevant, in compliance with North Carolina public policy.

### TWENTY FIFTH DEFENSE

Plaintiff's cause of action for wrongful termination in violation of public policy is barred to the extent Plaintiff has statutory remedies available.

### TWENTY SIXTH DEFENSE

Notwithstanding Defendant's general denials and previous affirmative defenses herein, and without admitting Plaintiff's averments, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant affirmatively states that the same employment action would have been taken in the absence of such impermissible motivating factor.

### RESERVATION AND NON-WAIVER

Defendant reserves and does not waive any additional defenses, including affirmative defenses, or claims it may have that may become available throughout the course of discovery and this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter an Order: (a) dismissing the Complaint with prejudice; (b) finding that Plaintiff's action is frivolous; (c) awarding Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (d) granting such other relief as to the Court deems just and proper.

Respectfully submitted, this 25th day of June, 2025.

>*/s/ Kevin Cleys*
>Kevin Cleys, Bar No. 51589
>kcleys@littler.com
>William H. Foster
>Pro Hac Vice Motion Forthcoming
>bfoster@littler.com
>LITTLER MENDELSON, P.C.
>620 South Tryon Street
>Suite 950
>Charlotte, North Carolina 28202
>Telephone:   704.972.7000
>Facsimile:    704.333.4005
>
>*Attorneys for Defendant Wal-Mart Stores East, LP*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 25th day of June, 2025, filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
lenbennett@clalegal.com

Emanuel Kataev, Esq.
Pro Hac Vice Motion Forthcoming
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
ekataev@consumerattomeys.com

*Attorneys for Plaintiff*

/s/ Kevin Cleys
Kevin Cleys, Bar No. 51589
kcleys@littler.com
William H. Foster
Pro Hac Vice Motion Forthcoming
bfoster@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street
Suite 950
Charlotte, North Carolina 28202
Telephone:     704.972.7000
Facsimile:     704.333.4005

*Attorneys for Defendant Wal-Mart Stores East, LP*