UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

TYSON HILDEBRANDT,

    **Plaintiff,**

v.          Case No. 1:25-cv-00358-TDS-LPA

WAL-MART STORES EAST, LP,

    **Defendant.**

## MOTION TO WITHDRAW AS COUNSEL AND FOR TEMPORARY STAY

Leonard A. Bennett, local counsel for Plaintiff Tyson Hildebrandt, respectfully moves this Court pursuant to Local Civil Rule 83.1(e) and the North Carolina Rules of Professional Conduct Rule 1.16 for entry of an Order: (1) permitting his withdrawal as counsel of record for Plaintiff; and (2) temporarily staying all proceedings for thirty (30) days to enable Mr. Bennett to establish direct communication with Plaintiff and to provide Plaintiff and lead counsel with a reasonable opportunity to retain substitute local counsel. In support of this Motion, Mr. Bennett states as follows:

### I. BACKGROUND

1. Mr. Bennett entered his appearance as local counsel in this matter on May 14, 2025, pursuant to Local Civil Rule 83.1(d), in association with Emanuel Kataev of SAGE LEGAL LLC (formerly listed as Consumer Attorneys PLLC), who is appearing pro hac vice as lead counsel. (ECF No. 5).

2. At all relevant times, Mr. Kataev has served as lead counsel with primary responsibility for communications with Plaintiff and for the prosecution of this action. Mr. Bennett's role has been limited to serving as the required local counsel under the Court's Local

Rules. I have reviewed the pleadings, communicated with specially appearing lead counsel and otherwise worked to meet the requirements of Local Rule 83.1(d)(2).

3. On June 25, 2025, Defendant Wal-Mart Stores East, LP filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 12), along with a supporting Memorandum (ECF No. 13).

4. Pursuant to Local Civil Rule 7.3(f), Plaintiff's response to the Motion to Dismiss was due within twenty-one (21) days of service, or by approximately July 16, 2025. No response was filed.

5. Mr. Bennett then communicated with Specially Admitted counsel and was advised that the matter was addressed by consented enlargement and the possibility of settlement.

6. Nevertheless, on December 30, 2025, the Clerk of Court issued a notice to counsel advising that no response had been filed to Defendant's Motion to Dismiss and that the motion would be referred to the Court on January 14, 2026, for consideration as an unopposed motion. (ECF No. 23).

6. Mr. Bennett communicated on multiple occasions with Specially Admitted counsel about this issue and the letter from our Clerk of Court.

## II. GROUNDS FOR WITHDRAWAL

7. Mr. Bennett seeks withdrawal pursuant to North Carolina Rule of Professional Conduct 1.16.

8. Despite multiple attempts by Mr. Bennett to communicate with lead counsel Mr. Kataev regarding the outstanding Motion to Dismiss, the response deadline, and the urgent need to file a response, there remains a disagreement between counsel. Mr. Bennett concluded that

continued representation will require action that is imprudent and contrary to his advice and judgment, and with which Mr. Bennett has a fundamental disagreement.

9. Mr. Bennett, as local counsel, has not had direct contact with Plaintiff Tyson Hildebrandt. All communications with Plaintiff have been conducted through lead counsel Mr. Kataev. Further representation without the direct client relationship and communication has rendered the representation unreasonably difficult and further representation by Mr. Bennett under such circumstances may be materially adverse to the Plaintiff.

10. Mr. Bennett finds himself in an untenable ethical position. He cannot effectively fulfill his duties as an attorney admitted to practice before this Court under the present circumstances.

## STEPS TO PROTECT CLIENT'S INTERESTS

13. Rule 1.16(d) of the North Carolina Rules of Professional Conduct requires that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

14. To protect Plaintiff's interests and comply with Rule 1.16(d), Mr. Bennett respectfully requests that the Court grant the following relief:

   a. Temporarily stay all proceedings in this matter for thirty (30) days from the date of the Order to allow Plaintiff and his counsel a reasonable opportunity to communicate directly with the Plaintiff and to afford Plaintiff and Specially Admitted counsel time to retain substitute local counsel;

b. Extend the time for Plaintiff to respond to the December 30, 2025 letter of the Clerk of Court (ECF No. 23) and to file if appropriate a Fed. R. Civ. P. 6(b) motion for enlargement to respond to Defendant's Motion to Dismiss (ECF No. 12) for ten (10) days following the retention of substitute local counsel or the expiration of the stay, whichever occurs first; and

c. Require that Plaintiff and lead counsel Emanuel Kataev file a notice with the Court within thirty (30) days indicating either: (i) the identity of substitute admitted counsel; or (ii) a status report regarding efforts to obtain substitute local counsel.

15. While the circumstances necessitating this withdrawal are regrettable, the requested temporary stay and opportunity for Plaintiff to obtain new local counsel will ensure that Plaintiff's substantive rights are protected and that he suffers no material prejudice from the withdrawal.

**GOOD CAUSE EXISTS AND WITHDRAWAL WILL NOT CAUSE UNDUE DELAY**

17. Good cause exists for Mr. Bennett's withdrawal. The breakdown in communication with lead counsel and the failure to respond to Defendant's Motion to Dismiss demonstrate that the representation has been rendered unreasonably difficult and that lead counsel has failed to fulfill obligations necessary for effective representation.

18. No trial date has been set in this matter. Discovery is ongoing with a completion date of March 16, 2026. (ECF No. 20). The case is still in its early stages, and withdrawal at this juncture, with appropriate transition time, will not prejudice any party.

19. Defendant will not be prejudiced by this withdrawal. The requested stay provides a reasonable period for Plaintiff to obtain substitute local counsel, and all parties will have adequate time to proceed with the litigation thereafter.

20. This Motion is made in good faith and is not interposed for purposes of delay. Rather, it is necessitated by circumstances beyond Mr. Bennett's control that prevent him from effectively fulfilling his obligations as counsel.

## PLAINTIFF WILL NOT BE LEFT UNREPRESENTED

21. Emanuel Kataev of SAGE LEGAL LLC remains counsel of record for Plaintiff and will continue to represent Plaintiff following Mr. Bennett's withdrawal. Accordingly, Plaintiff will not be left without representation.

22. However, under the Court's Local Civil Rule 83.1(d), an attorney appearing pro hac vice must be associated with local counsel admitted to practice before this Court. The requested stay will provide Plaintiff and Mr. Kataev with adequate time to retain substitute local counsel to comply with this requirement.

## NOTICE TO CLIENT AND OPPOSING COUNSEL

23. Mr. Bennett has notified lead counsel Emanuel Kataev of this Motion to Withdraw. Given that Mr. Bennett has not had direct contact with Plaintiff, and in light of the communication difficulties with lead counsel, Mr. Bennett respectfully requests the Court's permission to communicate directly with Plaintiff regarding this Motion and the need to retain substitute local counsel.

24. This Motion has been served on all counsel of record, including Emanuel Kataev and counsel for Defendant.

**WHEREFORE,** Mr. Bennett respectfully requests that the Court enter an Order:

1. Granting Mr. Bennett leave to withdraw as local counsel of record for Plaintiff Tyson Hildebrandt;

2. Authorizing Mr. Bennett to communicate directly with Plaintiff Tyson Hildebrandt regarding this Motion and the need to retain substitute local counsel;

3. Temporarily staying all proceedings in this matter for thirty (30) days from the date of the Order;

4. Extending the time for Plaintiff, if appropriate, to file a motion for enlargement of time to respond to Defendant's Partial Motion to Dismiss (ECF No. 12) to ten (10) days following the retention of substitute local counsel or the expiration of the stay, whichever occurs first;

5. Requiring Plaintiff and lead counsel Emanuel Kataev to file a notice with the Court within thirty (30) days indicating either: (i) the identity of substitute local counsel; or (ii) a status report regarding efforts to obtain substitute local counsel;

6. Directing the Clerk of Court to terminate Mr. Bennett from the CM/ECF docket upon the entry of substitute local counsel or as otherwise appropriate; and

7. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of January, 2026.

/s/ Leonard A. Bennett
Leonard A. Bennett (N.C. Bar No. 21576)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Email: lenbennett@clalegal.com
*Local Counsel for Plaintiff Tyson Hildebrandt*